UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| R2H2 HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 5:24-CV-00050-MAS |
| ) | |
| ANNESTES FARMS, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on R2H2 Holdings, LLC's ("R2H2 Holdings") Motion for Leave to File a Second Amended Complaint [DE 38], its Motion for Partial Summary Judgment [DE 32], and Defendant Annestes Farms, LLC's ("Annestes Farms") Motion for Summary Judgment [DE 36]. For the reasons set forth herein, the Court grants R2H2 Holdings leave to amend its complaint and denies both summary judgment motions without prejudice.

**I.     RELEVANT FACTUAL BACKGROUND**

This case arises from a 2023 real estate transaction involving farm property. On November 30, 2023, George Hall signed a document titled "Farm Offer to Purchase Contract" (the "November 29 Offer") on behalf of Annestes Farms, offering to sell a horse farm located at 2829 Clifton Road in Versailles, Kentucky. The November 29 Offer included terms addressing the conveyance of personal

property and required the seller to complete a custom barn window replacement. It also provided that the offer would expire if not accepted by 9:00 p.m. Eastern Standard Time on November 30, 2023. [DE 1-1, PageID# 13–17].

The following day, on December 1, 2023, the buyer signed the November 29 Offer. That same day, however, the parties executed a new, fully signed version of the Farm Offer to Purchase Contract (the "December 1 Offer"), which included revised terms regarding the personal property to be conveyed and stated that the "Buyer will pay for and install 8 barn palladium windows." [DE 34-2, PageID# 508].

On December 13 and 15, the parties executed two written amendments modifying the window-installation provision. Amendment #1 stated that "Seller will pay for and install the 8 palladium windows" [DE 34-3, PageID# 512], and Amendment #2 confirmed that the windows had been ordered and would be installed "upon receipt at Seller's sole expense." Amendment #2 also authorized assignment of the agreement to a related entity. [DE 36-7, PageID# 576]. Shortly thereafter, the buyer assigned the contract and its amendments to R2H2 Holdings, which took title following a closing on or about December 19, 2023. [DE 34-6, PageID# 519].

Trouble arose in the days following closing, when a dispute emerged over an Annestes Farms' agent removing certain personal property—including a Ford F-350 truck—and Annestes Farms' failure to complete installation of the barn windows. On January 24, 2024, R2H2 Holdings filed this action in Woodford Circuit Court, asserting claims for breach of contract and unjust enrichment. [DE 1-1, PageID# 11–15]. On February 19, 2024, Annestes Farms removed the action to this

Court under 28 U.S.C. § 1332. [DE 1]. Annestes Farms contends that the operative contract between the parties was the December 1 Offer rather than the November 29 Offer attached to the Complaint, and alleges that R2H2 Holdings breached the agreement by denying Annestes Farms access to the property, thereby preventing removal of personalty and installation of the barn windows. [DE 2, PageID# 49–50]. On May 1, 2024, R2H2 Holdings filed an Amended Complaint, correcting the spelling of its name. [DE 12]. On May 14, 2024, Annestes Farms filed an Answer. [DE 13].

Pursuant to the parties' joint consent to the jurisdiction of a United States Magistrate Judge for all proceedings under 28 U.S.C. § 636(c), this matter was reassigned to the undersigned on June 21, 2024. [DE 16 & 17]. On July 18, 2024, the Court entered a Scheduling Order that set, among other deadlines, a September 30, 2024 deadline for amending the pleadings or joining additional parties, and a dispositive motion and Daubert motion deadline of March 24, 2025. [DE 22].

On December 6, 2024, R2H2 Holdings filed a Motion for Partial Summary Judgment, seeking judgment as a matter of law solely on its breach of contract claim related to the barn windows. On February 18, 2025, Annestes Farms filed a Motion for Summary Judgment, seeking dismissal of all claims. On March 7, 2025, R2H2 Holdings filed a Motion for Leave to File a Second Amended Complaint. [DE 38]. R2H2 Holdings explains that while its original Complaint relied on the November 29 Offer, it now seeks to clarify that it was asserting its claims in the alternative under both the November 29 Offer and the December 1 Offer. R2H2 Holdings contends that granting leave would conform the pleadings to the evidence already developed in

discovery and eliminate any procedural arguments about the governing contract. [DE 38]. Annestes Farms opposes the motion. [DE 39].

## II.   ANALYSIS

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 U.S. Dist. LEXIS 14791, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)). Accordingly, the Court begins by addressing R2H2 Holdings' motion for leave to file a Second Amended Complaint. [DE 38].

Because R2H2 Holdings's motion was filed well after the scheduling order's September 30, 2024, deadline for amended pleadings, the motion implicates both Rule 16(b) and Rule 15(a) of the Federal Rules of Civil Procedure. When a party seeks to amend after the court's deadline, it must first demonstrate "good cause" under Rule 16. *Carrizo (Utica) LLC v. City of Girard*, 661 F. App'x 364, 367 (6th Cir. 2016); *Birchwood Conservancy v. Webb*, 302 F.R.D. 422, 424 (E.D. Ky. 2014). Under Rule 15, the Court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). The Sixth Circuit interprets the latter standard broadly, emphasizing that leave should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). This framework reflects the overarching principle that cases should

be decided "on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

Here, R2H2 Holdings filed its motion to amend on March 7, 2025—more than five months after the Scheduling Order's amendment deadline. Critically, the motion does not explain the delay. But delay alone does not necessarily preclude amendment. *Amalu v. Stevens Transp., Inc.*, No. 1:15-cv-1116, 2018 WL 6839036, at *3 (W.D. Tenn. Mar. 27, 2018). The more salient consideration is whether allowing the amendment at this stage would prejudice the opposing party or unnecessarily prolong the litigation. The Court finds that it would not.

R2H2's proposed amendment pleads in the alternative the very contract that Annestes Farms has consistently claimed is the operative agreement between the parties: the December 1, 2023 "Farm Offer to Purchase Contract." That document has been central to the litigation since early on. It was attached to Defendant's Answer and Counterclaim [DE 2-7], referenced in both parties' summary judgment briefing, and was discussed during the deposition of Annestes Farms' corporate representative. In other words, Annestes Farms is not surprised by the substance of the amendment and has had ample opportunity to address it. Where a proposed amendment does not introduce new factual allegations or theories but simply clarifies the claims considering existing evidence, leave to amend is warranted. *Carter v. Ford Motor Co.*, 561 F.3d 562, 565–68 (6th Cir. 2009).

Annestes Farms argues that the proposed amendment is untimely and procedurally improper, noting that R2H2 Holdings was aware of the December 1

Offer well before filing the motion. [DE 41, PageID# 918]. But Annestes Farms has not identified any concrete prejudice that would result from permitting the amendment. Summary judgment briefing has already squarely addressed both the November 29 and December 1 offers, and the claims at issue in the proposed Second Amended Complaint do not require reopening discovery. On the contrary, denying leave to amend could produce unnecessary delay and judicial inefficiency by inviting a duplicative lawsuit since the statute of limitations has not run and R2H2 Hodlings could simply refile its claims based on the December 1 Offer. *See* K.R.S. § 413.160(1) ("An action upon a written contract . . . can only be commenced within ten (10) years after the cause of action accrued.").

Although R2H2 Holdings offers no explanation for its delay in seeking leave to amend, the Court concludes that denying the amendment would result in greater procedural inefficiency and undermine the broader goals of judicial economy. The Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Given that the parties have already fully briefed the issues relating to the December 1 Offer, permitting the amendment ensures that the litigation proceeds on the actual merits in dispute, rather than on procedural technicalities that could lead to duplicative litigation.

Accordingly, the Court will grant R2H2 Holdings' motion for leave to file a Second Amended Complaint. Discovery will not be reopened. Annestes Farms will

be permitted to file a responsive pleading, and the pending motions for summary judgment will be denied without prejudice. The parties may refile their dispositive motions as set forth below.

### III.  CONCLUSION

For the reasons explained above, and the Court being otherwise sufficiently advised, **IT ORDERED** that:

(1)   R2H2 Holdings' Motion for Leave to File Second Amended Complaint [DE 38] is **GRANTED**. The Clerk is **DIRECTED** to docket the proposed Second Amended Complaint [DE 38-1], along with all accompanying exhibits [DE 38-2 through DE 38-8], as R2H2 Holdings' operative Second Amended Complaint.

(2)   Pursuant to Federal Rule of Civil Procedure 15(a)(3), Annestes Farms **SHALL** file a responsive pleading within fourteen (14) days of the entry of this Order. If a reply is permitted or required, R2H2 Holdings may file one within seven (7) days after the responsive pleading is filed.

(3)   R2H2 Holdings' Motion for Partial Summary Judgment [DE 32] and Annestes Farms' Motion for Summary Judgment [DE 36] are **DENIED WITHOUT PREJUDICE**. The parties may refile their dispositive motions no later than thirty (30) days after the close of the pleadings. Response and reply times shall be governed by the Local Rules.

(4)   The previously scheduled Final Pretrial Conference and Jury Trial dates are **SET ASIDE**. Upon resolution of the dispositive motions, the Court will enter an amended scheduling order establishing new pretrial deadlines, rescheduling the Final Pretrial Conference, and resetting the Jury Trial.

Signed this the 31st of March, 2025.

Matthew A. Stinnett
MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY

Case: 5:24-cv-00050-MAS    Doc #: 42    Filed: 03/31/25    Page: 8 of 8 - Page ID#: 927