**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

| | |
|---|---|
| **R2HS HOLDINGS, LLC,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 5:25-CV-00050-MAS |
| ) | |
| **ANNESTES FARMS, LLC,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM OPINION & ORDER**

With trial quickly approaching, each party has filed motions in limine addressing numerous evidentiary issues in this case. [DE 73 and 74]. The motions are ripe, and the Court addresses the various arguments below.

## I.     RELEVANT FACTUAL BACKGROUND

After the Court's ruling on the parties' cross-motions for summary judgment [DE 55], these facts remain: in short, Defendant Annestes Farms, LLC ("Annestes") entered a contract to sell a property located in Woodford County, Kentucky, to Grandview Creekview Estate, LLC ("Grandview"). The parties subsequently executed two amendments to the contract on December 13 and December 15, 2023. The first added a new term requiring Annestes to "pay for and install the 8 palladium windows." [DE 47-4, PageID 1199]. The second acknowledged that the windows had been ordered and clarified that they would "be installed upon receipt at Seller's sole

expense." [DE 47-6, PageID 1204]. Subsequently, Grandview properly assigned its rights under the amended contract to Plaintiff R2H2 Holdings, LLC ("R2H2").

From there, the deal quickly deteriorated, with an agent of Annestes removing a truck and horse trailer from the property following closing (at which point all unremoved personal property was to be conveyed with the real property). This led to an agent of R2H2 directing its lessee to padlock the gates on the property to prevent Annestes's agent from entering again. Annestes claims that this action interfered with its access to the property and prevented the installation of the windows. Conversely, R2H2 asserts that Annestes did not request access to the property and, had it done so, access would have been granted. In early 2024, Tolo Thoroughbreds, Inc., R2H2's lessee, retained Nossab LLC to fabricate and install five palladium windows. The total cost was $60,545, and Annestes has not reimbursed any portion of that amount.

## II.     ANALYSIS

### A.     THE PARTIES HAVE AGREED ON CERTAIN IN LIMINE ARGUMENTS

For the vast bulk of the evidentiary concerns raised, the parties agree on their resolution. The agreement comes with little surprise as the many of these implore that the Court follow the Federal Rules of Evidence ("FRE"), which it intends to do. Regardless, the Court enumerates these issues below and grants the respective motions in limine as to each.

#### 1.     Non-Party Witnesses

FRE 615 provides, "At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony."

Since both parties requested exclusion, the Court will grant this request. Of course, to the extent that there are witnesses whose presence is "essential" to the presentation of a party's claim or defense, they must be excluded from this ruling. However, neither party has demonstrated that any non-party witness is "essential" under *United States v. Phibbs*, 999 F.2d 1053, 1073 (6th Cir. 1993). Therefore, the Court orders that all non-party witnesses shall be excluded from the courtroom during the testimony of the witnesses preceding them. Similarly, counsel may not provide non-party witnesses with any account or transcript of courtroom testimony.

### 2. Undisclosed Expert Opinions

The parties shall be limited by their expert disclosures and may only utilize expert testimony that was properly disclosed by the procedures provided in FED. R. CIV. P. 26(a)(2). In the same way, no party may seek to qualify any other witness as an expert during trial. The two party representatives discussed later in this Opinion shall be excepted from this general rule.

### 3. Unqualified Lay Opinions

FRE 701 prohibits lay witnesses from providing testimony based on "scientific, technical, or other specialized knowledge within the scope of [FRE] 702." Therefore, all unqualified lay opinions shall be excluded from trial.

### 4. Evidence that the Farm Offer to Purchase Contract together with the Two Amendments are not enforceable contracts

This Court previously addressed the question of "which contract governs the farm sale" in its Memorandum Opinion and Order on the parties' cross-motions for summary judgment. [DE 55]. The Court concluded that the December 1 Contract,

Case: 5:24-cv-00050-MAS   Doc #: 81   Filed: 12/19/25   Page: 4 of 9 - Page ID#: 1637

together with the December 13 and December 15 Amendments, comprised an enforceable contract governing the sale of the Farm. Insofar as R2H2 seeks to exclude evidence contradicting this assertion, Annestes explicitly agrees. [DE 78]. So too, does this Court. Because this Court previously concluded that the December 1 Contract and the Two Amendments comprised an enforceable contract, any evidence to the contrary would be prejudicial and confusing to the jury. Therefore, no party shall introduce evidence tending to show that the December 1 Contract, with the Two Amendments, is not an enforceable contract.

### 5. Undisclosed Records or Evidence

No party shall offer any record or evidence that was not previously disclosed to the opposing party during discovery in accordance with FED. R. CIV. P. 26.

### 6. Character Evidence

The parties correctly assert that the introduction of character evidence as substantive evidence is generally prohibited during the trial of a civil case under FRE 404, except where "character itself is an element of the claim or defense." *Ginter v. Northwestern Mutual Life Ins. Co.*, 576 F. Supp. 627, 628 (E.D. Ky. 1984). The limited exception does not apply in this case. As such, the parties shall be prohibited from introducing evidence designed to attack the character of any party, its principals, agents, owners, and/or employees.

### 7. Evidence of Past Litigation or Claims

Both parties submit that any references to other legal disputes or claims involving a party are not relevant and create a risk of unfair prejudice that cannot possibly outweigh the probative value of its introduction. This Court agrees.

Page 4 of 9

Therefore, all evidence of past litigation, legal disputes, or claims involving either party shall not be admissible at trial.

### 8. Settlement Discussions Between the Parties

The Court sees no reason to deviate from FRE 408. Thus, any argument, evidence, or testimony regarding any settlement negotiations in this matter shall not be admissible at trial.

### B. CONTESTED ISSUES

The remaining issues raised by the parties in their respective motions in limine were contested in part or in whole. The Court addresses each below.

### 1. References to the "November 29th Offer Document" as an "Effective Contract"

As stated above, this Court previously concluded that the controlling agreement in this matter was the December 1 Contract, together with the December 13 and December 15 Amendments. [DE 55]. In reaching this conclusion, the Court explicitly determined that the November 29th Document (or "First Farm Offer to Purchase") was not validly accepted and did not create a binding contract. In their respective motions in limine, the parties seem to agree with this fact. Yet, they both continue to provide arguments that reach the same end: neither party should refer to the November 29th Document as an "effective contract." This Court firmly agrees. However, the parties are certainly free to reference the document as part of the negotiation process and context that resulted in the eventual binding contract. The Court leaves it to the parties to qualify how they might describe the November 29th document – an offered contract, a draft contract, an initial offer, etc. While the Court

agrees it should not be suggested it is a binding contract, the Court leaves it up to the parties how else to describe the relevant document.

### 2. Prohibition from arguing that Defendant's obligation to install or pay for the palladium barn windows has not ripened

R2H2 seeks to prohibit Annestes from arguing that its obligation to install or pay for the eight palladium barn windows has not ripened. In support, R2H2 argues that this Court previously held that the operative contract required performance of the installation obligation in a "reasonable time notwithstanding the absence of an express deadline," and arguments that the obligation had not yet ripened would contradict that ruling. Annestes counters that the Court left this issue to the jury.

Although this Court did indicate that much of the evidence supports the conclusion that Annestes's obligation to install or pay for the eight palladium barn windows ripened long before the instant suit, it also acknowledged that multiple genuine disputes of material fact remain as to whether Annestes breached the Contract. [DE 55]. As such, this Court explicitly left the breach determination to the jury. Because the issue of "ripeness" goes to the heart of the jury issue, evidence and arguments regarding it must be allowed. Furthermore, although the Court opined as to what conclusion the evidence before it supported, it did not decide the merits of the "ripeness" issue. Therefore, R2H2's motion in limine to prohibit Annestes from arguing that its obligation to install the windows has not ripened must be denied.

### 3. The Approach of the Bench

While R2H2 cautions against the adoption of a rigid rule requiring the approach of the bench when objecting to evidence that was not produced in discovery,

this Court holds the firm position that any objection extending beyond two to three words must be made at the bench, not in front of the jury. This rule shall apply to all evidentiary objections, including any possible requests for stipulations.

### 4. Party Representatives Offering Valuation Opinions

In its motion in limine, R2H2 argues that Annestes's representative, George Hall, should be precluded from offering testimony regarding the value of the property at issue. In response to Annestes's motion in limine, however, R2H2 contends that its own representative, Geoffrey Nixon, is qualified to offer valuation opinions. At the Final Pretrial Conference, the parties ultimately agreed that each party's representative would be permitted to testify at trial. Where appropriate, each party shall attempt to qualify its respective representative as an expert witness. Any objections to the use of either representative as a hybrid fact/expert witness are preserved and shall be raised, if at all, at the time the witness testifies before the jury.[1]

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

1. R2H2's Motion in Limine [DE 73] is **GRANTED IN PART, DENIED IN PART** as follows:

---

[1] The undersigned did raise the potential issue that Geoffrey Nixon and George Hall were not disclosed as hybrid fact/expert witnesses in the parties' respective expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(A). The parties indicated that they did not wish to be constrained by those disclosures, and the Court will proceed in accordance with the parties' agreement.

    a. R2H2's request to exclude: (1) non-party witnesses from the courtroom; (2) undisclosed expert opinions; (3) unqualified lay opinions; (4) evidence that the Farm Offer to Purchase Contract together with the Two Amendments are not enforceable contracts; (5) undisclosed records or evidence; (6) character evidence; (7) evidence of past litigation or claims involving R2H2; and (8) evidence of settlement discussions between the parties is **GRANTED.**

    b. R2H2's request to exclude: (1) Annestes's party representative, George Hall, from testifying to the value of the property; and (2) arguments that Annestes's obligation to install or pay for eight palladium barn windows has not ripened is **DENIED WITHOUT PREJUDICE**.

2. Annestes's Motion in Limine [DE 74] is **GRANTED IN PART, DENIED IN PART** as follows:

    a. Annestes's request to exclude: (1) evidence referring to the "November 29th Offer" as an "Effective Contract;" (2) evidence of settlement discussions between the parties; (3) evidence of past litigation or claims involving Annestes; (4) non-party witnesses from the courtroom; (5) undisclosed expert opinions; (6) undisclosed records or evidence; and (7) character evidence is **GRANTED**.

      b. Annestes's request to exclude: R2H2's party representative, Geoffrey Nixon, from testifying to the value of the property is **DENIED WITHOUT PREJUDICE**.

Entered this 19th day of December, 2025.

*(signature)*
MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY